Van Houten sued Smith and Van Winkle,
in trespass, for
taking and carrying away certain goods and chattels. No plea in writing *was filed. On the trial before the [*382 justice, after the plaintiff had gone through the evidence on her part, the defendants offered to prove that she was an infant, and therefore not entitled to prosecute in her own name, without guardian. The evidence was overruled. The defendants appealed, and the Court of Common Pleas, *474 on the trial there, overruled a similar offer to prove the infancy of the plaintiff. Herein'is assigned the reason for reversal.
An infant must sue a civil action by guardian or next friend, and not in his own name, nor by attorney. The general rule of law is very familiar, and admits of no dispute. The prosecution of the suit in this instance by the infant, in her own name, for we are to presume the fact to be as proposed to be proved, was unlawful. The question then is simply whether the defendants óould avail themselves of the illegality at the time and in the manner they sought to do so.
At common law, and prior to the statute of 21 Jac. 1, if an infant sued in his own name, or by attorney, and judgment was given for him, it was error, and the judgment was liable to be reversed. Bartholomew v. Dighton, Cro. Eliz. 424; Rew v. Long, Cro. Jac. 4. By that statute, after verdict, and by the statute of 4 Anne, after confession and. default, the error of suing by attorney is cured. Similar provisions are contained in our statute respecting amendments and jeofails, Rev. Laws 137. The proper mode now to raise the objection, in courts proceeding according to the course of the common law, is by plea in abatement. 2 Saund. 213, n.; 1 Chit. Pl. 436. But the provision in these statutes speaks only of suit by attorney, and not by the infant in his own name. The ancient rule, therefore, is, on the latter point, our law. And in our courts for the trial of small causes, where the strict rules of pleading are not required nor observed, a party is often permitted to avail himself of a legal exception, which in courts proceeding according to the regular course of the common law, ought to have been made at an earlier period, or by a formal plea in abatement. Thus in the case of Ryerson v. Ryerson, 1 South. 363, the action before the justice was against one only, when there were two administrators. The defendant filed no plea, but on the trial moved a non-suit *475 upon that ground, which the justice overruled. This court held that the error in bringing the suit was fatal, and that a defendant need not *plead it in abatement, in writ- [*383 ing, in the court for the trial of small causes, but might take advantage of it by motion for non-suit; and the judgment was reversed.
In the case of McGiffin v. Stout, Coxe 92, the action was brought by Stout, upon a contract with McGiffin. McGiffin pleaded ’before the justice that Stout was under age when the contract was made, and requested the suit to be dismissed. Stout’s father, however, swore that he permitted his son to buy and sell, upon which the justice proceeded with the action. This court on certiorari decided that Stout being an infant was no objection against the action, hut that he must sue by guardian or next friend; and not having done so the judgment was reversed.
In the present case then, the proof of infancy offered by the defendants ought to have been received by the justice. If the fact had been established, and, as already remarked, we are to presume it would have been, the justice might have admitted a guardian for the plaintiff, or should have dismissed the suit. The Court of Common Pleas on the appeal were, according to law, to give relief to the party aggrieved, “ both as to matter of law and matter of fact.” Rev. Laws, 798. The Court of Common Pleas erred in not receiving the evidence of infancy when offered there.
Let the judgment be reversed.